BOKER v. UNITED STATES.

(Circuit Court, S. D. New York. July 1, 1910.)

No. 4,976.

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—WELDED SHEETS—"SHEETS COATED WITH METALS"—"SHEETS OF IRON OR STEEL, COMMON OR BLACK."

Sheets consisting of a plate of iron or steel with a sheet of nickel welded thereto, the material being rolled to the desired thickness after welding, are not sheets "coated with * * * metals," within the mean-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 132, 30 Stat. 160 (U. S. Comp. St. 1901, p. 1637), nor "sheets of iron or steel, common or black," within the meaning of paragraph 131, 30 Stat. 160 (U. S. Comp. St. 1901, p. 1637).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 52; Dec. Dig. § 26.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,613 (T. D. 28,230), affirming the assessment of duty by the collector of customs at the port of New York. Affirmed.

Walden & Webster (Howard T. Walden, of counsel), for importers.

D. Frank Lloyd, Asst. Atty. Gen. (Martin T. Baldwin, Special Atty., of counsel), for the United States.

HAZEL, District Judge. The decision of the board was based upon the testimony of the importers that the method of producing the article in question consists of taking a plate of iron or steel three-eighths inch thick, welding thereon a sheet of nickel and then rolling the composite metals down to the thickness in which the article was imported. In this finding I concur. The merchandise is not sheets of iron or steel and dutiable under paragraph 131 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 160 [U. S. Comp. St. 1901, p. 1637]). Nor is it dutiable under paragraph 132, for the process of welding nickel and a plate or sheet of iron is not similar to galvanizing or coating with metals as mentioned in said paragraph. As stated by the board:

"To fall within the provisions relied on by the importers the coating or plating must be made on such sheets only, and if made on any other material those provisions do not apply."

The importers deny such limitation, and point to the case of United States v. Boker, 176 Fed. 730, T. D. 30,276 recently decided by the Circuit Court of Appeals for this circuit. But that case is not applicable to the provisions under consideration. There the court construed the scope of paragraph 137 dealing with round iron or steel wire and a coating thereof, and not with a process of welding a sheet of nickel on a plate of iron or steel.

I think the board properly held that duty was assessable at 45 per cent. ad valorem under paragraph 193, which reads as follows:

"Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem."

At the hearing the question of the sufficiency of the protest was waived by the government, and therefore has not been considered by me.

The decision of the board is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes